IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20923
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AL SEVESTER CONERLY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-522-1
- - - - - - - - - -
September 19, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Al Sevester Conerly appeals the order of restitution in the amount of $47,793.79, that was imposed as part of his sentence for theft of property in interstate commerce, in violation of 18 U.S.C. § 659. He argues that because the value of the computers he stole was only $33,377.48, the order was an abuse of discretion. Conerly misconstrues the governing statute, which provides for restitution due to damage to or loss of property.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3663A(b)(1).  While the stolen goods worth $33,377.48 were not returned to the victim, the remainder of the shipment of computers was returned.  Part of that shipment was damaged by Conerly.  Restitution in the amount of $33,377.48 for the unreturned computers was proper as was restitution for the difference between the value of the remainder of the shipment when Conerly took possession of it and its value when it was recovered and returned to the victim of his theft, i.e., $14,416.31.  18 U.S.C. § 3663A(b)(1)(B).  The Under 18 U.S.C. § 3663A(b)(1)(B), the victim was entitled to recover "the greater of the value of the property [the entire shipment was worth $521,436.10] on the date of the damage [or] loss . . . or the value of the property [$521,436.10] on the date of sentencing, less the value (as of the date the property is returned) of any part of the property that is returned."  18 U.S.C. § 3663A(b)(1)(B).  The restitution calculation is the same under either prong of subsection (b)(1)(B).  The district court did not abuse its discretion in ordering restitution in the amount of $47,793.79.  See United States v. Hughey, 147 F.3d 423, 436 (5th Cir. 1998).

AFFIRMED.